Dear Dr. Coe:
Your request for an Attorney General's opinion was forwarded to me for research and reply. Specifically, you asked whether salaried coroners are entitled to collect fees for services. Your concern is based upon the assertion of the immediate past coroner's collection of fees and the failure to pay the parish for fees collected despite receiving a salary. You included a copy of Livingston Parish Ordinance No. 00-165 issued by your parish governing authority establishing an annual salary of Fifty-Two Thousand Dollars ($52,000) for the parish coroner including retirement, health insurance and worker's compensation in lieu of the payment of fees for services.
Coroners are compensated by any of the following methods: (1) fee-only basis; (2) salary-only basis; or (3) a combination of the two. Carriere v. St. Landry Parish Police Jury, 707 So.2d 979(La. 1998). The decision on whether a particular coroner is compensated by any of these methods lies within the discretion of the governing bodies. Id. However, the right to and extent of a coroner's compensation is specified and limited by statute. As it relates to your question, our office in previous opinions pointed out the restriction that salaried coroners cannot receive the fees outlined in LSA-R.S. 33:1556(A) only, and not those set forth in other paragraphs or statutes such as those in LSA-R.S. 33:1561 andC.Cr. P. 659. (See La. Atty. Gen. Op. Nos. 95-111 and 95-112).
Generally, a salaried coroner is not entitled to receive fees for the services listed in § 1556(A), such as investigations, the performance of autopsies, and issuing papers in cases involving interdictions or commitments. However, under subsection § 1556(B), coroners are allowed to collect fees for mental or physical investigations, commitments, and interdictions when rendered to parish prisoners.
Specifically, LSA-R.S. 1556(B) provides in pertinent part:
 The parish shall pay the fees for all mental or physical examinations or investigations, commitments, interdictions, court attendance, or testimony and a just fee or remuneration for attending parish prisoners. (Emphasis Added).
 Similarly, LSA-C.Cr.P. 659 allows a salaried coroner to collect fees for mental examinations prior to commitments in addition to his salary. Moreover, LSA-R.S. 33:1561 provides for expert witness fees to salaried coroners called to testify as witnesses in a professional capacity in their respective fields of expertise.
Prior to the recent repeal of LSA-R.S 33:1559, by Acts 2003, No. 1001, § 1 effective July 2, 2003, the Louisiana Supreme Court recognized the necessity of reading LSA-R.S. 33:1556 and § 1559 inpari materia in order to understand the entire compensation scheme envisioned by the legislature. Carriere at p. 983. The Court noted that when read in conjunction with § 1556, two types of "fee-basis" coroners were readily identified: those paid a salary plus fees and those paid fees only. Id. Coroners compensated under either scheme could collect the fees per service listed in§ 1556(A), whereas coroners paid by a salary were specifically excluded. Subsequent to the repeal of § 1559 there has been no change in the law to reflect a different compensation scheme as intended by the legislature. Therefore, our office continues to maintain that salaried coroners are excluded from the application of subsection 1556(A) only.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ________________________________ CHARLENE PATTERSON Assistant Attorney General